time of marriage the husband was an alien; but that any woman who might be naturalized, and who married abroad, even *before* the naturalization of her husband, becomes a citizen on his naturalization, although she never resided in this country; and,—although the land was acquired by him before the act was passed,—is entitled to dower therein. And in this opinion DENIO, Ch. J., and H. R. SELDEN, and T. A. JOHNSON, JJ., concurred.

DAVIES, INGRAHAM and HOGEBOOM, JJ., did not concur in the opinion of WRIGHT, J., so that a majority did not agree in respect to the construction of either statute.

Judgment reversed, and judgment for plaintiff on second defense; issue on first defense to be tried below.

## BUTLER *v.* LEE.

December, 1866.

Affirming, in effect, 3 *Robt.* 644.

Where a judgment of set-off which restrains defendants from enforcing their demand, is granted on condition that plaintiff should give a stipulation; and, on his failure to perform the condition, defendants obtain a dismissal of the complaint, a subsequent order opening the judgment, and granting plaintiff a new opportunity to perform the condition, does not affect a substantial right, but is discretionary; and an appeal to the court of appeals does not lie therefrom.

Thomas Butler (for whom, on his death pending the action, Harriet E. Butler, administratrix, was substituted), brought this action in the New York superior court against William Lee and George W. Niles. The object of the action was to have two judgments against Niles, recovered by one Francis Morris, and by him assigned to Butler, set off against a judgment which Niles had recovered against Butler, and had assigned to Lee.

Niles had previously commenced supplementary proceedings against Butler and had obtained the usual injunction; he had also brought a creditor's suit on the judgment, to set aside a conveyance by Butler. These proceedings were still pending,

when Butler obtained the assignment from Morris, of the two judgments against Niles, and brought this suit for a set-off.

The cause was tried before Justice ROBERTSON, without a jury, in May, 1863, and he gave judgment awarding the set-off asked for, and requiring that "upon a tender in five days after notice of the judgment, by or in behalf of the plaintiff to the defendants, of a receipt for so much of the amount due to the former upon the said two judgments assigned to him," with costs, &c., and a satisfaction-piece, to be signed by defendants, satisfying the judgment held by Lee, and a consent to be signed by them to discontinue supplementary proceedings, and the creditor's suit then pending in the supreme court, upon the latter judgment,—defendants must execute such satisfaction-piece and consent. But if Butler should fail to sign and file such stipulation, his complaint should be dismissed, with costs. Reported as Butler v. Niles, 26 *How. Pr.* 61.

A judgment to this effect was filed, November 9, 1863.

Butler not having complied with the condition of the judgment or order, defendants, on August 5, 1864, on motion, at a special term, held by MONELL, J., and on notice to plaintiff, and after hearing his counsel in opposition, obtained an order permitting them to enter up judgment against him with costs; and, on August 8, entered judgment accordingly, dismissing the complaint.

Butler afterward moved before ROBERTSON, J., to vacate the order for judgment, on the ground that it was not made by the judge before whom the cause was tried. Judge ROBERTSON being of opinion that the plaintiff having allowed the time to give it to pass, under a mistake as to the limit of time within which he must give it, the case was a proper one for the court to enlarge the time under section 415 of the Code. He accordingly granted the motion setting aside the judgment, and modified the judgment entered in July, so as to allow plaintiff five days from the present order in which to comply with the condition.

· *The superior court*, at general term, on appeal from this order, held, on the authority of N. Y. Ice Co. *v.* Northwestern Ins. Co., 23 *N. Y.* 357, that the order was within the power of the

Butler *v.* Lee.

court, and a proper exercise of its discretion, and accordingly affirmed the order. Reported in 3 *Robt.* 644; S. C., 28 *How. Pr.* 181. Defendants appealed to this court.

*John H. Reynolds,* for defendants, appellants;—That the order was appealable, cited, Cruger *v.* Douglass, 2 *Code R.* 123; St. John *v.* West, 4 *How. Pr.* 331; Tallman *v.* Hinman, 10 *Id.* 90; Tracy *v.* Steam Faucet Co., 1 *E. D. Smith,* 359; Union Bank *v.* Mott, 11 *Abb. Pr.* 42; S. C., 19 *How. Pr.* 267; 2 *Whitt. Pr.* 765–9; Edson *v.* Dillaye, 17 *N. Y.* 158; Kirby *v.* Fitzpatrick, 18 *Id.* 484; McGregor *v.* Comstock, 19 *Id.* 581. The judgment dismissing the complaint left the defendants free to enforce the supplementary proceedings that were pending on their judgment against Butler, and thereby to reach the judgment of Francis Morris against Niles. The order appealed from prevented this, and therefore affected a substantial right.

*Wm. C. Weeks,* for plaintiff, respondent;—Insisted that the order was discretionary and not appealable. Citing 2 *N. Y.* (2 *Comst.*) 111; 22 *N. Y.* 467; 33 *Id.* 160, 367.

MORGAN, J., [delivered an opinion to the effect that the decree of November 9, 1863, could not be regarded as final until it was ascertained by the court whether the conditions upon which final judgment was to be given had been complied with or not, citing *Dan. Ch. Pl. & Pr.* 1201–6, *Seat. on Decr.* 130. The court, however, did not pass on this question. In the residue of his opinion the learned judge proceeded as follows:]

But, waiving this question, and treating the decree of Chief Justice ROBERTSON as final, the subsequent application for judgment was not a special proceeding, but simply a motion, like any other motion after judgment to set aside the judgment and allow the defeated party to interpose his claim or defense —a motion always addressed to the discretion of the court, and not the subject of review in this court. If it leads to a rehearing of the cause upon the merits, then, without doubt, it would be reheard before the same judge who heard it before. It is not necessary now to decide whether the court can grant a rehearing in an equity action, except on appeal to the general term; but the authority to set aside the judgment or decree in a proper case,

as a matter of favor, is expressly given by the Code. Regarding the proceedings before Chief Justice ROBERTSON as a motion after judgment, it must be governed by the same rule as ordinary motions. It involves only a question of practice. It is claimed by the appellants' counsel, that the order in question involved a *substantial* right. It is said that the order prevents Lee from reaching, by his supplementary proceedings, the Francis Morris judgment against Niles. But these supplementary proceedings were taken *pendente lite*, and, of course, are subject to any decree which may be make in this action. I am of opinion, however, that the decree of July or August, 1863, although incorporated into the judgment roll, so called, is not to be regarded as a final determination of the action, and for that reason the subsequent order of the same judge is not appealable. Indeed, this last order is not final, although it may lead to a final judgment in favor of the plaintiff, instead of the defendants. The question as the correctness of the original decree is not now before us.

Without passing on the merits of the order, all the judges concurred in dismissing the appeal on the ground that the order was not appealable.

Appeal dismissed, with costs.